845 So.2d 758 (2003)
Jamie STEELE a/k/a Jamie L. Steele, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00667-COA.
Court of Appeals of Mississippi.
May 13, 2003.
*759 Jamie Steele (pro se), attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before MCMILLIN, C.J., LEE and IRVING, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Jamie Steele pled guilty in the Attala County Circuit Court to felony shoplifting and was sentenced on March 6, 2001, to serve three years and six months in the custody of the Mississippi Department of Corrections, with one year to serve and two years, six months on post-release supervision. On March 19, 2001, the circuit judge found that, by committing this crime, Steele violated the terms of his post-release supervision in an earlier shoplifting charge. Two years before, on March 1, 1999, Steele pled guilty to shoplifting and received three years in the custody of the Mississippi Department of Corrections, with seven months to serve and two years, five months on post-release supervision. The circuit judge then entered an order, dated March 19, 2001, revoking Steele's post-release supervision, ordering Steele to serve the two years, five months from the earlier charge.
¶ 2. Steele then filed a motion for sentence clarification post-conviction in the Attala County Circuit Court on March 4, 2002, which was denied on March 8, 2002. On March 22, 2002, Steele filed a motion to reconsider the denial of his post-conviction relief, which was again denied on March 26, 2002. Steele then perfected his appeal to this Court asserting that the evidence was insufficient to support a conviction and that his probation was unlawfully revoked.

DISCUSSION OF ISSUES
¶ 3. In reviewing a trial court's denial of post-conviction relief, our standard of review is well stated. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct. App.2000). However, where questions of law are raised, the applicable standard of review is de novo. Id.
I. DID SUFFICIENT EVIDENCE EXIST TO SUPPORT STEELE'S CONVICTION?
¶ 4. With his first issue, Steele argues that, although he pled guilty, the evidence was insufficient to convict him. In Swift v. State, 815 So.2d 1230 (Miss.Ct. App.2001), this Court stated:
The law is well settled that when properly entered and accepted, "[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt."
Swift, 815 So.2d at (¶ 13). Since Steele pled guilty, he waived his opportunity for a jury to review the sufficiency of evidence in his case; thus, we decline to review as well.
II. DID THE LOWER COURT ERR IN REVOKING STEELE'S POST-RELEASE SUPERVISION?
¶ 5. With his other issue, Steele contends that his post-release supervision was unlawfully revoked. Although Steele mentions many arguments as to why this *760 was unlawful, his main claim is that the revocation of his post-release supervision violated the plea agreement which stated that he would be released after one year. What Steele fails to recognize is that the plea agreement in the most recent shoplifting charge had nothing to do with the earlier shoplifting charge. In a comprehensive order denying Steele relief, the circuit judge found that "under the terms of the sentence, if Steele violated the law at any time during the period of post-release supervision, his post-release supervision could be revoked and the two years and five months sentence imposed." According to Miss.Code Ann. § 47-7-34(2) (Supp.2002), "failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released."
¶ 6. We can find no error in the lower court's denial of Steele's motion for post-conviction relief; thus, we affirm.
¶ 7. THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO ATTALA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.