¶ 1. On August 23, 2002, Michael E. Thornhill pled guilty to the crimes of house burglary, simple assault on a law enforcement officer, and escape. The Honorable Samac Richardson, Circuit Judge of Rankin County, reviewed Thornhill's sworn petition to enter guilty plea and conducted the proper hearing to accept the guilty plea. On August 23, 2002, the judgement of conviction and sentence instanter, entered by Judge Richardson, sentenced Thornhill as follows:
 To serve a term of 5 year(s) in the custody of the Mississippi Department of Corrections in cause number 14,239 [simple assault of a law enforcement officer]; to serve a term of 25 years in the custody of the Mississippi Department of Corrections in cause number 14,275 CI [house burglary] and to serve a term of 1 year in the custody of the Mississippi Department of Corrections in cause number 14,275 CII [escape]. The sentences imposed in cause numbers 14,239 and 14,275 CI shall run concurrently with each other but consecutively to the sentence imposed in cause number 14,275 CII. Provided, however, after the Defendant has served 10 years in custody in cause number 14,275 CI, he shall be released on Post Release Supervision for a term of 5 years.
 ¶ 2. Thornhill, pro se, filed a motion for post-conviction relief, which was denied by the trial court. On appeal, Thornhill asserts the following errors: (1) he received ineffective assistance of counsel, (2) the trial court erred by appointing counsel, (3) his guilty plea was not supported by the evidence, and (4) that he was subjected to an illegal search and seizure. Finding no error, we affirm.
 STANDARD OF REVIEW ¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v.State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App. 2002).
 ANALYSIS I. Ineffective assistance of counsel.
 ¶ 4. The standard applied to claims of ineffective assistance of counsel was first *Page 240 
articulated in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by the United States Supreme Court. To prove ineffective assistance of counsel, Thornhill must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced Thornhill's defense. Id. at 687,104 S.Ct. 2052. The burden of proof rests with Thornhill, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss. 1995);Carney v. State, 525 So.2d 776, 780 (Miss. 1988). However, a presumption exists that the attorney's conduct was adequate.Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss. 2001);Stringer v. State, 454 So.2d 468, 477 (Miss. 1984).
 ¶ 5. Thornhill contends that his counsel was ineffective for two reasons. First, Thornhill argues that his counsel assured him that the sentence would not exceed ten years. The record disproves Thornhill's allegation. Thornhill was aware of the possible sentences resulting from his guilty plea. The plea agreement stated the minimum and maximum penalties regarding each crime. Thornhill signed the plea petition. Therefore, Thornhill knew that his sentence could exceed ten years.
 ¶ 6. Second, Thornhill argues that his sentence was illegal. Thornhill argues that the trial court did not have the authority to partially or wholly suspend any portion of his sentence under Mississippi Code Annotated section 47-7-33 (Rev. 2002), since he has prior felony convictions.
 ¶ 7. We previously addressed a similar situation in Graves v.State, 822 So.2d 1089 (Miss.Ct.App. 2002), where we held:
 [A] defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so. Allowing such actions would reap havoc upon the criminal justice system in this state. For example, all subsequent convictions and sentences of that defendant which are reliant upon the conviction concomitant with the illegal sentence would have to be set aside. This would result in a number of enhanced and habitual offender sentences being set aside for the very offender who had already enjoyed greater leniency than the law allows. Likewise, the State should not be allowed to engage in a plea bargain encompassing a recommendation for a sentence more lenient than what the law permits, reap the benefit of not having to go to trial and later seek to have the illegal, lighter sentence set aside while maintaining the validity of the attendant conviction. We can perceive no constitutional imperative or compelling state interest which would require or permit either scenario.
Id. at (¶ 11). Therefore, we find no merit to this argument.
 ¶ 8. One way for Thornhill to successfully maintain an ineffective assistance of counsel claim, he must assert some critical evidence that would have been discovered had it not been for counsel's alleged deficiencies. Ivy v. State,589 So.2d 1263, 1265 (Miss. 1991). Thornhill makes no such allegation establishing his arguments as credible. Furthermore, Thornhill failed to object to counsel's representation when given the opportunity. The plea agreement that Thornhill signed specifically addressed the adequacy of his counsel and he offered no complaint. Upon review, we find the trial court was correct in ruling that Thornhill did not meet his burden of proof. Thus, we find no error. *Page 241 
II. Appointed counsel in post-conviction proceedings.
 ¶ 9. Thornhill's second assignment of error is unclear. Thornhill appears to be arguing whether counsel can be appointed in post-conviction proceedings.
 ¶ 10. Yet again, Thornhill fails to cite relevant authority. Thornhill offers only general allegations. We have repeatedly held that, "we will not consider matters which do not appear in the record and must confine ourselves to what actually appears in the record. Moreover, we cannot decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record." Medina v. State, 688 So.2d 727, 732 (Miss. 1996).
 ¶ 11. We have consistently held that the trial court may appoint counsel to represent an indigent defendant in a post-conviction relief evidentiary hearing. Miss. Code Ann. §99-39-23(1) (Supp. 1999). However, Thornhill has neither a state nor federal constitutional right to appointed counsel in post-conviction proceedings. Moore v. State, 587 So.2d 1193,1195 (Miss. 1991). Therefore, the trial court did not err by not appointing Thornhill counsel.
 ¶ 12. This assignment of error is without merit.
III. Weight of the evidence.
 ¶ 13. Thornhill also argues that although he pled guilty, the evidence was insufficient to convict him. In Swift v. State,815 So.2d 1230, 1234 (¶ 13) (Miss.Ct.App. 2001), this Court stated:
 The law is well settled that when properly entered and accepted, "[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." (emphasis added).
 ¶ 14. Assuming that Thornhill's guilty plea was valid, he waived his opportunity for a jury to review the sufficiency of evidence in his case. Steele v. State, 845 So.2d 758, 759 (¶ 4) (Miss.Ct.App. 2003); Smith v. State, 845 So.2d 730, 733 (¶ 6) (Miss.Ct.App. 2003). Thus, we decline to review the evidence as well.
IV. Illegal search and seizure.
 ¶ 15. Finally, Thornhill argues that he was subjected to an illegal search. He contends that the police entry and search of his home without a warrant violated his Fourth Amendment right against an unreasonable search and seizure. Thornhill argues that any evidence obtained from the search should not be used against him.
 ¶ 16. Thornhill is not entitled to relief since he waived his right to challenge the State's evidence by entering a valid guilty plea. Young v. State, 797 So.2d 239, 246 (¶ 17) (Miss.Ct.App. 2001). A valid plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment. King v. State, 738 So.2d 240-41 (¶¶ 4-5) (Miss. 1999). The United States Supreme Court explained,
 [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he many not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.
Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602,36 L.Ed.2d 235 (1973). *Page 242 
 ¶ 17. Finally, the record indicates that this argument was not previously presented nor addressed by the trial court. The law is well settled that Thornhill cannot present on appeal issues which were not first presented to the trial court. Walker v. State,823 So.2d 557, 561 (¶ 6) (Miss.Ct.App. 2002). Accordingly, this claim is without merit.
 ¶ 18. We have found no clear error in the trial court's dismissal of Thornhill's motion for post-conviction relief. Thus, we affirm.
 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTYDENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, CONCUR.