ISHEE, J.,
for the Court.
¶ 1. Kenneth Barrett’s motion for post-conviction relief was denied by the circuit court. Finding error, we reverse and render.
STATEMENT OF FACTS
¶ 2. In October 1994, Kenneth Barrett pled guilty to the charge of possession of cocaine and was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections (MDOC). The circuit court suspended the imposition of the sentence for a period of three years and placed Barrett on supervised probation during that period. In March 1996, Barrett’s probation was modified by his being placed in the Intensive Supervision Program (ISP). In September of that year, Barrett was released from the ISP and placed back on supervised probation.
¶ 3. In May 2000, a revocation hearing was held regarding Barrett’s probation. The circuit court determined at that hearing that Barrett had violated the terms of his probation. Barrett had been arrested in May 2000 for armed robbery and conspiracy to commit armed robbery. He had also failed to report to MDOC since October 7, 1997. Finally, he had absconded supervision by relocating to an unknown address. As a result, the circuit court issued an arrest warrant for Barrett on May 24, 2000 and he was confined.
¶ 4. Barrett subsequently filed a motion for post-conviction relief in the circuit court in January 2002. The motion was denied. Aggrieved by the circuit court’s ruling, Barrett pro se seeks post-conviction relief from this Court.
DISCUSSION
¶ 5. We begin our discussion with the standard of review. Where questions of law are at issue, this Court conducts a de novo review of a trial court’s denial of a motion for post-conviction relief, and we will not reverse the factual findings of the trial court unless the findings are clearly erroneous. Boddie v. State, 875 So.2d 180, 183(¶ 6) (Miss.2004).
¶ 6. Barrett argues that the circuit court lacked jurisdiction over him for its May 24, 2000 order revoking his probation. In support of his argument, Barrett points this Court’s attention to Simpson v. State, 785 So.2d 1121 (Miss.Ct.App.2001).
¶ 7. In Simpson, this Court clearly delineated the temporal limits of a circuit court’s jurisdiction as it relates to the probation issue implicated by this appeal. Id. at 1123(¶ 9). Specifically, this Court held that a circuit court may issue a warrant for a violation of any condition of probation at any time during the period of probation. Id. (citing Miss.Code Ann. § 47-7-37 (Rev. 2000) (emphasis added)). In its brief to this Court, the State concedes that it is unable to distinguish Barrett’s appeal from Simpson.
¶ 8. After a thorough review of the record and the relevant case law, we find that Barrett must prevail. Factually, Barrett’s probationary period began to run on October 18, 1994, when he was released on supervised probation following the suspension of his original sentence. See Moore v. State, 585 So.2d 738, 740 (Miss.1991). Therefore, his probationary period ended three years later on October 18, 1997. The record does not reflect that any effort was made by the State to toll the probationary period by attempting to apprehend Barrett for a probation violation. See Ellis v. State, 748 So.2d 130, 134 (¶¶ 13-14) *1079 (Miss.1999). Therefore, the circuit court’s jurisdiction to revoke Barrett’s probation ended on October 18, 1997. Since the circuit court revoked Barrett’s probation on May 24, 2000, more than two-and-a-half years after his probationary period had expired, we find that the revocation was improper. Furthermore, we conclude that the circuit court erred in failing to grant Barrett’s motion for post-conviction relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ. CONCUR.