976 So.2d 398 (2008)
Billy Lloyd RAY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01824-COA.
Court of Appeals of Mississippi.
March 4, 2008.
*400 Billy Lloyd Ray, Appellant, pro se.
Office of the Attorney General By John R. Henry, attorney for appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
GRIFFIS, J., for the Court.
¶ 1. After entering a guilty plea to the charge of sexual battery, Billy Lloyd Ray was sentenced to ten years with one year to serve and nine years suspended. Ray was placed on post-release supervision for nine years. Following a revocation hearing held on April 30, 2004, the circuit court found that Ray had violated the conditions of his post-release supervision and sentenced him to serve the remaining nine years of his sentence in the custody of the Mississippi Department of Corrections. Ray then filed a motion for post-conviction relief that was denied by the circuit court. On appeal, Ray argues that: (1) there is insufficient credible evidence to support his convictions for domestic violence and disorderly conduct, (2) he entered guilty pleas to domestic violence and disorderly conduct only because his attorney told him to do so, (3) his sentence is illegal, (4) the circuit court did not have jurisdiction to revoke his post-release supervision, (5) his due process rights were violated at the revocation hearing, and (6) he was denied effective assistance of counsel. We find no error and affirm.

FACTS
¶ 2. Ray was indicted as a habitual offender in Washington County on charges of kidnaping, rape, sexual battery, and directing or causing a felony to be committed by a person under seventeen years of age. On November 17, 1999, he entered a guilty plea to the crime of sexual battery and was sentenced to ten years with one year to serve and nine years suspended. Ray was placed on post-release supervision for nine years.
¶ 3. On April 30, 2004, a revocation hearing was held in the Circuit Court of Jackson County to determine whether Ray had violated the terms of his post-release supervision. At that hearing, the State alleged that Ray had violated the following conditions:
1. offender failed to remain free from controlled substances by testing positive for the illegal drug, marijuana, in samples obtained on March 3, 2003, and December 16, 2003,
2. offender failed to remain free of firearms by having several weapons in his residence,
3. offender failed to abide by the law by being arrested and charged with possession of a weapon by a convicted felon, domestic violence, simple assault, possession of spotted fawn, and illegal possession of a deer at night,
4. offender failed to avoid injurious and vicious habits by testing positive for controlled substances and using alcoholic beverages, and
5. offender failed to pay the Court of Washington County.
¶ 4. At the revocation hearing, Ray, through counsel, confessed that he had violated the terms of his post-release supervision by testing positive for marijuana on March 3, 2003, and December 16, 2003. *401 Each of the other alleged violations arose from an incident involving Ray's wife, which occurred on December 16, 2003.
¶ 5. That day, Mrs. Ray called 911 to report that Ray was pointing a rifle at her and threatening to kill her. The following day, the police placed Ray in custody and conducted a search of the home. They found a muzzle loader, a .22 rifle, and a 12-gauge shotgun inside the house. A .270 bolt action rifle was found in a shed behind the house. Mrs. Ray told the investigating officer that, on the previous night, she walked behind the shed and found Ray fondling her eighteen-year-old daughter while his pants were down. Then, as she tried to leave with her children, Ray stood at the doorway of the vehicle, pointed the rifle at her, and threatened to kill her. As a result of the incident, Ray pleaded guilty to misdemeanor charges of domestic violence and disorderly conduct.
¶ 6. During her testimony at the revocation hearing, Mrs. Ray changed her account of the events of December 16, 2003. She testified that she saw Ray and her daughter behind the shed but his pants were not down, and he was not fondling her daughter. She also testified that Ray tried to keep her from leaving, but he did not threaten her with a gun. Mrs. Ray further claimed that none of the guns found in the home belonged to Ray.
¶ 7. After the hearing, the circuit court revoked Ray's suspended sentence and post-release supervision, sentencing him to serve nine years in prison. The circuit court stated that the grounds for the revocation were Ray's admission that he smoked marijuana and his guilty pleas for domestic violence and disturbing the peace. We now consider the appeal of the circuit court's denial of Ray's motion for post-conviction relief.

STANDARD OF REVIEW
¶ 8. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
1. Sufficiency of the Evidence
¶ 9. The majority of Ray's argument on appeal is that the circuit court's revocation of his post-release supervision was based on events fabricated by his wife; thus, there is not sufficient evidence to uphold his convictions for domestic violence and disorderly conduct. Ray argues that "this entire case was based on Mrs. Ray's lies to have him put in prison." Both he and Mrs. Ray now contend that Ray did not fondle her daughter or threaten to kill her with the rifle. Instead, Ray argues that, because his wife allegedly lied about Ray's actions that resulted in charges of domestic violence and disorderly conduct, his post-release supervision should not have been revoked based on those allegations.
¶ 10. Ray entered guilty pleas to both domestic violence and disorderly conduct. "A guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989).
¶ 11. This Court decided a similar issue in Steele v. State, 845 So.2d 758 (Miss.Ct. App.2003). There, the defendant also argued *402 that the evidence was insufficient to uphold his conviction despite the fact that he entered a guilty plea. Id. at 759(¶ 4). We declined to address the issue because, by pleading guilty, the opportunity to have a jury review the sufficiency of the evidence had been waived. Id. Similarly, Ray argues that there is insufficient evidence to uphold his criminal convictions which resulted in the revocation of his post-release supervision. However, Ray waived this argument by entering his guilty pleas. That being so, we decline to review the issue.
2. Validity of Ray's Guilty Pleas
¶ 12. Ray argues that the only reason he pleaded guilty to domestic violence and disorderly conduct was because he was told to do so by the public defender. Ray fails to offer any evidence of this allegation. This Court is required to "decide each case by the facts shown in the record, not assertions in the brief, however sincere [Ray] may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." Mason v. State, 440 So.2d 318, 319 (Miss.1983).
¶ 13. Ray failed to raise this issue until his motion for post-conviction relief. No evidence was presented at the revocation hearing about the validity of his guilty pleas. Because there is no proof in the record that the pleas are invalid, this issue has no merit.
3. Illegal Sentence
¶ 14. Ray claims that his sentence for sexual battery is an illegal sentence. He was sentenced to ten years, the first year to serve and the remaining nine years suspended conditioned upon his obedience to the terms of nine years of post-release supervision. Ray argues that the nine years of post-release supervision violates the maximum of five years of post-release supervision by the Mississippi Department of Corrections ("MDOC") that is allowed by statute. Mississippi Code Annotated section 47-7-34(3) (Rev.2004) states that the "maximum amount of time that the Mississippi Department of Corrections may supervise an offender on the post-release supervision program is five (5) years."
¶ 15. However, the supreme court has made it clear that post-release supervision is not limited to five years. "While the statute unquestionably limits to five years the period of time that the MDOC may supervise an offender who is on post-release supervision, the clear language of the statute does not limit the total number of years of post-release supervision to five years." Miller v. State, 875 So.2d 194, 199(¶ 10) (Miss.2004). The MDOC has the responsibility of monitoring the convicted defendant for the first five years after which the court assumes that responsibility for the remainder of the term of post-release supervision. Johnson v. State, 925 So.2d 86, 102(¶ 30) (Miss.2006). This period after the first five years is known as "unsupervised" or "non-reporting" post-release supervision. Id. The statute imposes a limit on the burden that a court may place on the MDOC to supervise a defendant. But, as the supreme court noted, "the court is not so limited concerning the burden it may place on itself by way of monitoring a defendant's behavior while the defendant is serving a [term of] `non-reporting' post-release supervision." Id. Thus, Ray's argument that his sentence was illegal is flawed because, while it is true that he will only be supervised by the MDOC for a maximum of five years, he remains under the supervision of the court for the portion of the sentence above that five years. We find that Ray's sentence *403 imposed by the circuit court is valid; thus, this issue has no merit.
4. Jurisdiction of the Circuit Court of Jackson County
¶ 16. Ray contends that the Circuit Court of Jackson County did not have jurisdiction to revoke his post-release supervision that was imposed by a different court. This argument fails because the circuit court of the district where the defendant is arrested has the power "to continue or revoke all or any part of [post-release supervision]." Miss.Code Ann. § 47-7-37 (Rev.2004). In its order denying Ray's motion for post-conviction relief, the circuit court properly held that it had jurisdiction to revoke Ray's post-release supervision because Ray was arrested and pleaded guilty to crimes that occurred in Jackson County. Accordingly, this issue has no merit.
5. Violation of Due Process
¶ 17. Ray claims that there were several violations of his right to due process, which occurred during the revocation hearing. Such alleged violations include: (1) the circuit judge showed bias by allowing the district attorney to bring forth false allegations by Ray's wife, (2) the district attorney made false statements about Ray, and (3) the district attorney improperly introduced evidence of Ray's conviction for sexual battery.
¶ 18. The minimum requirements of due process, applicable in a revocation hearing, include written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard and to present witnesses and evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the fact-finders as to the evidence relied on and the reasons for revoking probation. Riely v. State, 562 So.2d 1206, 1210 (Miss.1990). There is no indication in the record, and, in fact, Ray does not argue, that any of these requirements were not met here.
¶ 19. Almost the entire hearing consisted of controverted evidence about whether Mrs. Ray lied about Ray's actions on December 16, 2003. There was also mention of Ray's prior conviction of sexual battery. However, this evidence was not necessary to revoke Ray's post-release supervision. Indeed, the circuit judge based the revocation on the guilty pleas entered by Ray and his admission that he tested positive for marijuana. The circuit judge stated:
Well, Mr. Ray, I could put a lot in the record about the credibility of [your wife], but that's not necessary to the Court. You've violated the terms of your probation. You admitted smoking marijuana, you've pled guilty to two charges in county court, and that's all I need to hear.
Because the alleged due process violations listed above in no way affected the circuit judge's decision to revoke Ray's post-release supervision, we find no reversible error.
¶ 20. Additionally, Ray claims that it was a violation of due process that: (1) only statements and not actual evidence of the drug test were admitted and (2) his probation officer refused to allow him to take a second drug test after he informed her that he was taking prescription medication that caused him to test positive for marijuana. Again, the record of the revocation hearing shows no evidence of any violation of the minimum due process requirements. Most importantly, Ray had an opportunity to present this argument at the revocation hearing. There, he had the chance to produce witnesses and evidence regarding his medical condition and the drugs prescribed by his physician. Instead, *404 Ray admitted that he had used marijuana and eliminated the need for the district attorney to produce further evidence of the drug test.
¶ 21. We also note that Ray's admission regarding the marijuana use was not necessary for the circuit judge to revoke his post-release supervision. His convictions for domestic violence and disorderly conduct were sufficient in and of themselves to support the revocation; thus, error as to evidence of his marijuana use, if any, was harmless in nature. This issue has no merit.
6. Ineffective Assistance of Counsel at the Revocation Hearing
¶ 22. Ray claims that he was denied his right to effective assistance of counsel because of deficiencies in his representation at the revocation hearing. He asserts the following errors: (1) counsel admitted that Ray had tested positive for marijuana use and (2) counsel did not object to the introduction into evidence of "false allegations" of charges that had previously been dismissed.
¶ 23. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant to show both prongs of the Strickland test. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. In cases involving post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
a. Admission of Marijuana Use
¶ 24. During the revocation hearing, Ray's counsel announced to the circuit court that Ray admitted testing positive for marijuana on March 3, 2003, and December 16, 2003. Now Ray claims that he never admitted to counsel that he smoked marijuana, but instead he told counsel that he was on medication prescribed by his doctor that caused the drug test to come back positive. Even assuming that this is true, Ray has failed to show any prejudice caused by this admission. The admission was one of the circuit judge's reasons for revoking Ray's post-release supervision; however, his guilty pleas for domestic violence and disorderly conduct were sufficient for revocation without considering the marijuana violation. Ray has not shown that, but for the alleged error, the outcome of the hearing would have been any different. According, this issue has no merit.
b. Evidence of Charges That Were Dismissed
¶ 25. Ray further claims that counsel's lack of objection to his probation officer's testimony constitutes ineffective assistance of counsel. He states that the probation officer testified to "false allegations of charges that had been dismissed," including charges of being a felon in possession of a weapon, possession of a spotted fawn, and illegal possession of a deer at night. Once again, he fails to show how this alleged error resulted in any type of prejudice. Even if counsel had objected and there had been no testimony about the *405 charges that were dismissed, that still leaves Ray's convictions for domestic violence and disorderly conduct. Those alone were enough to revoke his post-release supervision; thus, Ray has not shown that the outcome would have been different absent the alleged error by counsel. We find no showing of ineffective assistance of counsel. This issue has no merit.
7. Ineffective Assistance of Counsel at the Plea Hearing
¶ 26. Ray also contends that his attorney, who provided representation when he entered his guilty pleas for domestic violence and disorderly conduct, was ineffective. Specifically, he claims that he would not have entered guilty pleas if counsel had warned him that such pleas would be grounds for revoking his post-release supervision. However, Ray has not presented any proof of this alleged deficiency. He offers only his affidavit; thus, his ineffective assistance claim is without merit. See Vielee, 653 So.2d at 922.
8. Inconsistency Between the Circuit Court's Oral Pronouncement of Revocation and the Written Sentencing Order
¶ 27. In its brief, the State brings our attention to the inconsistency that exists between the oral pronouncement of revocation and the written sentencing order. At the conclusion of the revocation hearing, the circuit judge found that Ray had admitted to smoking marijuana and had pleaded guilty to criminal charges. These were the sole reasons that the circuit judge announced as grounds for the revocation. However, in the written order, the circuit judge not only included the foregoing reasons, but also, he included all of the other violations alleged by the district attorney at the hearing. Ray does not specifically state this as an error, but we may infer that he claims such as error due to his extensive argument concerning violations that were not orally pronounced by the circuit judge.
¶ 28. A majority of jurisdictions hold that, where an oral pronouncement and a written order conflict, the oral pronouncement controls. See Boutwell v. State, 847 So.2d 294, 295-96 (¶¶ 6-8) (Miss.Ct.App. 2003). Here, however, it is not necessary that we consider the differences between the oral pronouncement and the written order. The violations pronounced by the circuit judge included Ray's admission of marijuana use and his guilty pleas for domestic violence and disorderly conduct. Either of these violations was more than sufficient to revoke his post-release supervision. The only inconsistency is that the court's written order contains violations that were not included in the court's oral pronouncement. Indeed, this does not create a true ambiguity because the same violations pronounced by the circuit judge at the hearing were also included in the written order. The intent of the circuit judge is clear and no direct conflict exists.
¶ 29. Indeed, there is no ambiguity that would allow Ray to be entitled to relief. Ray's sentence was clear and not ambiguous. Both the circuit court's oral pronouncement and the written order sentenced Ray to serve nine years in prison. Since there is no ambiguity as to the violations in both the oral pronouncement and the written order, we hold that the additional violations included in the written order constitute harmless error.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
*406 KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.