LEE, C.J., FOR THE COURT:
*300 ¶ 1. In this appeal, we must determine whether the trial court properly denied Antonio Weathersby's motion for postconviction relief (PCR). Finding no error, we affirm.
PROCEDURAL HISTORY
¶ 2. In October 2015, Weathersby pleaded guilty to one count of possession of a firearm by a convicted felon. Weathersby was sentenced to seven years with three years to serve in the custody of the Mississippi Department of Corrections and four years of postrelease supervision.
¶ 3. In addition to the conviction for possession of a firearm by a convicted felon, Weathersby was convicted of two misdemeanor crimes-driving with a suspended license and first-offense DUI-in the local justice court. All three convictions stemmed from a traffic stop conducted by local authorities in 2013.
¶ 4. Weathersby appealed his misdemeanor convictions to the Marion County Circuit Court. Weathersby also filed a motion to suppress, alleging the traffic stop was illegal. On the day of the bench trial, the trial court heard arguments and testimony regarding the motion to suppress. Finding probable cause existed for the traffic stop, the trial court denied the motion and ultimately convicted Weathersby of the two misdemeanor crimes. Weathersby did not appeal these two convictions.
¶ 5. Weathersby filed a timely PCR motion relating to his possession-of-a-firearm-by-a-convicted-felon conviction.[1] Finding no merit, the trial court denied Weathersby's PCR motion. Weathersby now appeals, asserting the following issues: (1) the traffic stop that led to his arrest was illegal; (2) the trial judge should not have recused himself after hearing testimony; and (3) he was entitled to a hearing on his motion to suppress.
STANDARD OF REVIEW
¶ 6. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. Hughes v. State , 106 So.3d 836, 838 (¶ 4) (Miss. Ct. App. 2012).
DISCUSSION
I. Traffic Stop
¶ 7. In this issue, Weathersby contends the traffic stop and resulting search of his car where law-enforcement officers discovered a firearm were illegal. However, upon the entry of a valid guilty plea, certain challenges, including illegal searches, are waived by the defendant. King v. State , 738 So.2d 240, 241 (¶¶ 4-5) (Miss. 1999) ; Thornhill v. State , 919 So.2d 238, 241 (¶ 16) (Miss. Ct. App. 2005). Here, this issue was waived when Weathersby pleaded guilty to possession of a firearm by a convicted felon. We note that Weathersby does not argue that his guilty plea was invalid. Furthermore, the trial court noted that Weathersby never raised the illegal-traffic-stop issue by way of a motion to suppress in regard to his felony conviction. We find no merit to this issue.
II. Recusal
¶ 8. After an initial hearing regarding Weathersby's motion to suppress, the trial judge recused himself and assigned Weathersby's case to another trial judge. Weathersby argues that this was error. However, Weathersby's argument is without merit for two reasons; most importantly, *301 that this argument relates to the two misdemeanor convictions, not the felony conviction that is the subject of this appeal. Also, Weathersby's argument is simply a bare assertion with no additional information or supporting authority. Thus, we decline to review this claim.
III. Motion to Suppress
¶ 9. Weathersby argues he was entitled to a hearing on his motion to suppress. Again, Weathersby filed this motion in his misdemeanor case, not the felony case that is the subject of this appeal. Regardless, the record on appeal contains the transcript of the bench trial for Weathersby's misdemeanor appeal from the justice court. The trial court conducted a hearing on the motion to suppress prior to the bench trial and found probable cause existed for the traffic stop giving rise to the two misdemeanor charges. This issue is without merit.
¶ 10. AFFIRMED.
IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.

This motion is not included in the appellate record.