# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00391-COA

**BERRY ALLEN KNIGHT A/K/A BERRY ALAN KNIGHT**      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/28/2019 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BERRY ALLEN KNIGHT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 06/30/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Berry Allen Knight filed a motion for post conviction collateral relief in the Circuit Court of Pearl River County, claiming due process violations because he did not have an attorney present at his revocation hearing. The trial court dismissed Knight's PCR motion. After reviewing the record before us, we find Knight's appeal to be without merit with regards to his right to have an attorney present. However, we find the trial court did not follow the current version of Mississippi Code Annotated section 47-7-37 (Supp. 2019) and reverse and remand for further proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

¶2.    Berry Allen Knight pled guilty to armed robbery on or about July 14, 2008. The Pearl River County Circuit Court sentenced him to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with seven years to serve and twenty-three years to be served on post-release supervision (PRS). In 2015, the MDOC released Knight, and he began serving his PRS. On or about August 21, 2018, an arrest warrant was signed by the Pearl River County Circuit Court regarding multiple violations relating to Knight's PRS, including the use of controlled substances, failing to secure or maintain employment, and being arrested for burglary.  Knight was arrested and held in custody pending a revocation hearing. At the hearing, Knight admitted to the violations.[1] Based upon Knight's admissions, the trial court revoked his PRS and placed him in the custody of MDOC for ten (10) years.

¶3.    After being placed back in the custody of MDOC, Knight filed a motion to set aside conviction on or about January 22, 2019. The trial court treated said motion as a motion for post-conviction relief (PCR) because Knight attacked his revocation from the PRS not his original conviction and sentence. The only issue Knight presented in his PCR motion was an allegation that he was denied his due process by not having an attorney present at the revocation hearing. The trial court dismissed Knight's motion for PCR. Specifically, the trial

[1] The original record was only forty-four pages and contained only the subject PCR motion, the order of dismissal from the trial court and the appeal documents pertaining to filing. In the order of dismissal, the trial court states that in reaching its decision, it reviewed the order of conviction and sentence, the MDOC warrant, the waivers signed by Knight and the transcript of the revocation hearing. None of those documents were in the original record on appeal. As such, an order was entered requesting supplemental documentation. Specifically, the order requested that the circuit court provide the items referenced by the circuit court as having reviewed when making its decision. Those documents were received and reviewed.

court relied upon this Court's holding that "[a]n inmate on PRS status does not have an unconditional right to counsel at a revocation hearing. That right is only present when the issues or mitigating factors are complex or difficult to develop." (Citing *Staten v. State*, 967 So. 2d 678, 680-81 (¶7) (Miss. Ct. App. 2007)). Following the holding in *Staten*, the trial court found that "there were no complicated issues or a dense pattern of facts that needed to be developed." The trial court further stated that "Knight admitted he committed the violations, and no right to counsel attached." Knight appeals the trial court's dismissal of his motion for PCR.

## STANDARD OF REVIEW

¶4. Our standard of review of the trial court's denial of a PCR motion is clear. We will not reverse the factual findings of the trial court unless they are clearly erroneous. All questions of law are reviewed de novo. *Walker v. State*, 230 So. 3d 703, 704 (¶6) (Miss. 2017) (citing *Brown v. State*, 731 So. 2d 595, 598 (Miss. 1999)).

## DISCUSSION

¶5. Knight claims his due process rights were violated by not having an attorney present at his revocation hearing. "It is well established, under our precedent, that a probationer is not always entitled to counsel at a revocation hearing. The question of whether a probationer is entitled to appointed counsel must be answered on a case-by-case-basis. In general, a probationer has a right to counsel when his case is complex or otherwise difficult to develop." *Hall v. State*, 189 So. 3d 631, 635 (¶13) (Miss. Ct. App. 2014) (citing *Riely v. State*, 562 So. 2d 1206 (Miss. 1990)).

3

¶6. Knight's case is not complex or difficult to develop. He admitted to the violations. The court properly revoked his probation and placed him back in the custody of MDOC as per the conditions of Knight's early release. "Mississippi law is clear that a probationer may have his probation revoked for any violation of the terms and conditions of his probation." *Id*. at 636 (¶15). The trial court was entitled to revoke Knight's probation solely on his own admission to the violations. "Likewise, the court was entitled to impose any or all of his sentence that the court deemed appropriate." *Id*.

¶7. Knight does not allege he was not informed of his right to counsel, merely that because he did not have counsel present at his revocation hearing, he was denied due process. In *Hall*, the court found that no absolute right to counsel existed, regardless of whether the defendant was aware he could request counsel because the case was not complex or difficult. Regarding due process specifically, this Court has stated that

> The minimum requirements of due process, applicable in a revocation hearing, include written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to he heard and to present witnesses and evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body and a written statement by the fact-finders as to the evidence relied on and the reasons for revoking probation.

*Id*. at (¶17) (quoting *Ray v. State*, 976 So. 2d 398, 403 (¶18) (Miss. Ct. App. 2008)). Knight was afforded due process. While the record before us is limited, it is clear Knight was informed of the allegations against him and of his rights. He was provided a revocation hearing. He called no witnesses on his behalf. Knight was given the opportunity to challenge or deny the allegations against him, and he was given the chance to speak on his behalf. He

4

admitted he violated the terms of his parole. We find the requirements of due process with respect to Knight's revocation hearing were met, and, as such, this issue as raised is without merit.

¶8.     Mississippi Code Annotated section 47-7-37, applicable to Knight, was revised in 2018. Knight does not articulate in his pro se brief any specific issue regarding whether or not the current version of the statute was applied, but that does not bar this court from review. In *Simpson v. State*, 785 So. 2d 1121 (Miss. 2001), our Supreme Court stated that "[g]enerally we do not review an issue that is neither preserved in the lower court nor argued on appeal. However, 'the court may at its option, notice a plain error not identified or distinctly specified.'" *Id*. at 1123 (¶8) (quoting M.R.A.P. 28(a)(3)). The Supreme Court in *Simpson* goes on to say that the 'error must have resulted in a manifest miscarriage of justice." *Id*. (citing *Gray v. State*, 549 So. 2d 1316, 1321 (Miss. 1989)). Pursuant to Rule 28(a)(3) and our Supreme Court's decision in *Simpson*, we will next address whether the imprisonment imposed on Knight was consistent with the 2018 revisions to Mississippi Code Annotated section 47-7-37 (Supp. 2019).

¶9.     As revised in 2018, Mississippi Code Annotated section 47-7-37 now reads as follows:

> If the court revokes probation for one or more technical violations, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first revocation and not to exceed one hundred twenty (120) days for the second revocation. For the third revocation, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the remainder of the suspended portion of the sentence. For the fourth and any

subsequent revocation, the court may impose up to the remainder of the suspended portion of the sentence.

Prior to the 2018 revisions, the Supreme Court stated "that a proper interpretation of Section 47-7-37(5)(a) requires a finding of each separate violation of parole to be a separate and distinct technical violation." *Walker v. State*, 230 So. 3d 703, 706 (¶13) (Miss. 2017). At the time of *Walker*, prior to the 2018 revisions, Mississippi Code Annotated section 47-7-37 (Rev. 2015) read in pertinent part:

> If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. For the third technical violation, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the remainder of the suspended portion of the sentence. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence.

With the 2018 revisions, the number of individual technical violations does not determine the length or where the imprisonment will be served. Rather, with the 2018 revisions, the length and manner of imprisonment for technical violations depends instead upon whether or not this is the defendant's first revocation verses the second, third or fourth. Meaning, multiple technical violations which lead to the first revocation equate to a period of imprisonment "to be served in either a technical violation center or a restitution center not to exceed ninety (90) days." Miss. Code Ann. § 47-7-37(5)(a) (Supp. 2019).

¶10.    Looking to the instant case, Knight was not given the benefit of the 2018 revisions at his revocation hearing. According to the record, while Knight admitted to multiple technical

violations, this is his first revocation. At the revocation hearing, the trial judge specifically noted that he was only considering the technical violations. Specifically, the trial court stated, "I'm not going to attach any guilt to you — there's nothing in this decision about revocation today, that's going to be considered about the burglary. I'm only going on the drugs, that you have admitted to using." Further, when asked if he wished to make a statement concerning the technical violations the trial court was considering, Knight responded, "I am guilty of doing it."

¶11. Because Knight was only guilty of technical violations, as specifically noted by the trial court, and that this was his first revocation hearing, he was improperly sentenced for those technical violations. The trial court applied the wrong version of Mississippi Code Annotated section 47-7-37(5)(a) (Supp. 2019), resulting in an improper sentence. We reverse Knight's sentence and remand to the trial court for sentencing under the proper version of the statute as discussed in this opinion.

¶12. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. GREENLEE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON AND J. WILSON, P.JJ., LAWRENCE, McCARTY AND C. WILSON, JJ.**

**GREENLEE, J., SPECIALLY CONCURRING:**

¶13. I specially concur.

¶14. Mississippi Code Annotated section 47-7-37.1 provides, in relevant part:

> Notwithstanding any other provision of law to the contrary, if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke

7

his probation and impose any or all of the sentence. . . .

¶15.    The court's order to dismiss Knight's PCR motion states, "At his revocation hearing, Knight admitted to using controlled substances, that he has failed to secure or maintain employment, and the other technical violations with which he was accused, *including an arrest for burglary*." (Emphasis added).  I agree with the majority that the court should apply the correct section of 47-7-37 before resentencing Knight.  However, I believe that on remand the court may also consider section 47-7-37.1 and whether, at the time of revocation, a preponderance of the evidence showed that Knight committed a felony.  Therefore, I specially concur.

**CARLTON AND J. WILSON, P.JJ., LAWRENCE, McCARTY AND C. WILSON, JJ., JOIN THIS OPINION.**