800 So.2d 532 (2001)
Kirk Douglas LIVINGSTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CA-00453-COA.
Court of Appeals of Mississippi.
November 13, 2001.
James W. Amos, Hernando, for Appellant.
Office of the Attorney General by John R. Henry Jr., for Appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
IRVING, J., for the Court:
¶ 1. After an unfavorable outcome of a parole revocation hearing in the Circuit Court of DeSoto County, Kirk Douglas Livingston filed a motion for post-conviction relief. His motion was summarily dismissed. This appeal followed. Livingston assigns error to the lower court's dismissal of his motion on the grounds that (1) at the time of his revocation hearing he was ill, blind and otherwise infirm and disabled, (2) he was not represented by counsel, nor was he advised of his right to be represented by counsel and (3) his rights of due process under the Mississippi and United States Constitutions were violated. *533 Finding no reversible error, we affirm.

FACTS
¶ 2. In 1990, Livingston, after pleading no contest, was convicted of burglary of a dwelling (Count 1) and attempted rape (Count 2). He was sentenced on Count 1 to serve fifteen years in the Mississippi Department of Corrections. The last ten years of the sentence was suspended pending future good behavior. Livingston was sentenced on Count 2 to serve a term of ten years with the entire ten-year term suspended pending future good behavior. The sentences were to run consecutively. In 1993, a hearing was held on a petition to revoke the suspended sentences. The outcome of that hearing was the revocation of eight months of his suspended sentences. In 1997, a hearing was held on another petition to revoke the suspended sentences. As a result of that hearing, the trial court revoked the remaining portions of the suspended sentences on both counts. Livingston's petition for post-conviction relief sought to have the revocation order set aside.

ANALYSIS OF THE ISSUES PRESENTED
¶ 3. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).

1. Constitutional Due Process
¶ 4. Livingston asserts that during his revocation hearing not only was he without representation, but he was in a physical condition that warranted special need for representation. He informs the Court that during the hearing he was blind, infirm and disabled. Livingston argues that his physical disabilities increased his need for representation by counsel. Livingston adds that even though he did not ask that counsel be appointed, the judge was able to personally witness his blindness at the revocation hearing and was therefore under a duty to inquire whether Livingston was in need of assistance. Livingston claims that the lower court's failure to make any inquiry or to appoint counsel left him vulnerable and unrepresented against the criminal justice system at the worse possible time, constituting a denial of his right to due process of law.
¶ 5. The Mississippi Supreme Court held in Grayson v. State, 648 So.2d 1129, 1132-33 (Miss.1994), that "[a]ny analysis of probation revocation due process in Mississippi must begin with Riely v. State, 562 So.2d 1206 (Miss.1990)." Riely adopted the minimal probation revocation due process requirements as set out by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), which had in turn adopted the standards for parole revocation created by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and applied them to probation revocation.
¶ 6. Riely lists the following requirements for a final probation revocation hearing:
(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral *534 and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.
Riely, 562 So.2d at 1210.
¶ 7. Livingston alleges that it is not clear from the record whether he was afforded all of the requirements referred to in Riely; however, he makes no claim of having been denied any specific rights thereunder and offers no proof of same. A thorough examination of the record by this Court reveals that all of the requirements of Riely were met in his case; thus, any due process violation claim must rest solely on the lack of representation by counsel at the revocation hearing.

II. Right to Counsel
¶ 8. It is clear from the record that at his revocation hearing Livingston never asked to have counsel appointed nor expressed any need or desire for additional time to obtain counsel of his own choosing. Livingston acknowledges in his appellate brief that the law does not afford him an absolute right to counsel at such hearing. However, Livingston, citing Gagnon, argues that a determination of whether counsel is required must be made on a case-bycase basis depending upon the particular needs of the defendant. Gagnon, 411 U.S. at 790, 93 S.Ct. 1756. Livingston claims that he presented the court with just such a particular need in the form of his physical disabilities, and yet he was not afforded, nor even advised of, his right to be represented by counsel. Livingston made this argument in his petition for post-conviction relief and repeats it in this appeal. However, nothing in the record indicates that Livingston ever informed the circuit court judge, either prior to or during the revocation hearing, that Livingston needed assistance because of his physical limitations.
¶ 9. The State acknowledges that case law mandates a case-by-case determination of whether the facts warrant appointment of counsel for a defendant at a revocation hearing. The State also correctly points out, however, that this determination rests within the sound discretion of the trial judge. See Riely v. State, 562 So.2d 1206, 1209 (Miss.1990).
¶ 10. Case complexity and difficulty are two enumerated reasons which would warrant appointment of counsel for an indigent defendant at a revocation hearing. Gagnon, 411 U.S. at 790, 93 S.Ct. 1756. The basis for revocation of Livingston's probation was that he had been indicted in a two-count indictment for conspiracy to commit a crime and possession of more than an ounce but less than a kilogram of marijuana as an habitual offender. The revocation hearing consisted of testimony from only one witness, a law enforcement officer who testified as follows:
A. Yes, sir. February 5, 1997, I met with a CI, Rodney Goin. Rodney Goin stated that Mr. Livingston was going to Memphis to pick up a quantity of marijuana and was supposed to meet the CI atI was on the parking lot at Southaven, Mississippi. At that time a bunch of our officers met at the Total Service Station right here at Horn Lake on Highway 51, and myself and Agent Sing and CI Robbie Goin traveled to the Auto Zone parking lot to see if the car was there.
The CI stated, Yes, it was sitting right there.
So we pulled in the church parking lot right across the street to tell everybody *535 that the car was there, to come on, let's take the car off, stop the car. By the time I got around to the front of the church, Mr. Livingston had left, him and a subject with him, they had left.
* * * *
Lt. Frank Herring and Lt. Randy Doss found the car at the Circle K right there in Southaven at Whitworth and Highway 51.
When I got up on the scene, I asked I told Mr. Livingston about the information I had. He pulled a little old bag of green leafy substance out of his right front jacket pocket of his jacket, inside pocket, and handed it to me.
I asked him where the rest of it was, and he told me it was under the floor mat of the car.
So I looked under the floor mat, and it wasn't nothing there, so I told Mr. Livingston, It's not there, Kirk.
He said, oh, here it is. And he pulled another bag out of the other side of his pocket and handed it to me.
¶ 11. This Court finds that the offenses charged against Livingston lacked the requisite complexity necessary to trigger the Gagnon requirement for counsel because the charges which formed the basis for the revocation hearing were neither complex nor difficult to understand. We hold that there was no abuse of discretion on the part of the trial judge in not making a determination that Livingston had need of counsel at his revocation hearing.
¶ 12. Additionally, the Court takes note that today's society has advanced to the point where disabilities that once would have been totally debilitating are not so anymore. Blind persons are overcoming their disability and living fairly normal lives. For example, with the help of technological advances, today it is not unusual to find visually impaired lawyers, engineers, and other professionals.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., concur.