954 So.2d 452 (2006)
Charles Fitzgerald McGAUGHY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CA-00382-COA.
Court of Appeals of Mississippi.
December 5, 2006.
Rehearing Denied April 24, 2007.
John Carl Helmert, attorney for appellant.
*453 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING AND ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. Charles McGaughy pleaded guilty to sale of cocaine and was placed in the Regimented Inmate Discipline program (RID) by the Lee County Circuit Court, with probation to follow his release from the RID program. McGaughy successfully completed the RID program, but shortly after his release to probation, the State filed a petition to revoke McGaughy's probation on the basis of criminal charges and other violations of the terms of his probation. A hearing was held on September 22, 2003, at which time the Lee County Circuit Court revoked McGaughy's probation and imposed his entire twenty-year sentence. Thereafter, a jury found McGaughy innocent of the criminal charges. McGaughy filed a motion for post-conviction relief, which was denied by the Lee County Circuit Court. Aggrieved, McGaughy appeals from the denial of his motion for post-conviction relief, and asserts that the court was in error, because he was entitled to appointed counsel at his probation revocation hearing.
¶ 2. Finding no error, we affirm.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. We will not reverse a trial court's factual findings regarding a post-conviction relief petition "unless they are found to be clearly erroneous." Felder v. State, 876 So.2d 372, 373(¶ 4) (Miss.2004) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). However, we apply a de novo standard of review to issues of law. Id.
¶ 4. We note at the outset that a probationer is not always entitled to counsel at a revocation hearing. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990). Instead, the question of whether a probationer is entitled to appointed counsel "must be answered `on a case-by-case basis in the exercise of sound. . . .'" Id. (quoting Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). In general, a probationer has a right to counsel when his case is "complex or otherwise difficult to develop." Id. (quoting Gagnon, 411 U.S. at 790-91, 93 S.Ct. 1756, 36 L.Ed.2d 656).
¶ 5. McGaughy's case is not "complex or otherwise difficult to develop." Although he disputed the validity of the criminal charges against him, McGaughy readily admitted to the court that he had violated several conditions of his probation. First, McGaughy admitted that he had not reported to the Mississippi Department of Corrections, as he was required to do, in October 2002, November 2002, December 2002, January 2003, and February 2003. McGaughy further admitted that a warrant for his arrest was then issued in March, and he was finally arrested in August 2003. McGaughy confirmed that he had not reported for any of the months between the issuance of the arrest warrant and his eventual arrest in August 2003. McGaughy further admitted that he had not paid his required supervision fees. Finally, McGaughy admitted that he had not paid any of his court costs, court fines, or restitution. McGaughy admitted to all of these deficiencies without attempting to explain why he had not reported or paid any fines and fees. All these failures constitute violations of the terms of McGaughy's probation.
¶ 6. Mississippi law is clear that a probationer may have his probation revoked for any deficiency: "At any time *454 during the period of probation the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation. . . ." Miss.Code Ann. § 47-7-37 (Supp.2006) (emphasis added). The statute goes on to explain that, after the probationer is arrested, "the court . . . shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction." Id. Therefore, it is clear that the court below was entitled to revoke McGaughy's probation solely on the basis of McGaughy's admissions, and that the court was further entitled, at that time, to impose any or all of his sentence that the court deemed appropriate.
¶ 7. McGaughy claims that he "had the right to be informed he could request appointed counsel, and that right was not afforded him." While the record reflects that McGaughy was not told that he could request appointed counsel, we direct our attention to Livingston v. State, 800 So.2d 532 (Miss.Ct.App.2001). In Livingston, a blind petitioner was not informed of his right to counsel at his probation revocation hearing. Id. at 534(¶ 8). Despite this, we affirmed Livingston's probation revocation, noting: "This Court finds that the offenses charged against Livingston lacked the requisite complexity necessary to trigger the Gagnon requirement for counsel because the charges . . . were neither complex nor difficult to understand. . . ." Id. at 535(¶ 11). Therefore, a probation revocation will be affirmed, even when the petitioner was not informed of his potential access to appointed counsel, as long as the petitioner's case is not complex or difficult to understand. As previously noted, McGaughy's case is not complex. Therefore, he would not have been entitled to appointed counsel even if he had been informed that he could request counsel.
¶ 8. Notwithstanding the lack of complexity of the probation violation charges, McGaughy claims that an attorney could have provided "mitigation on those minor allegations to which he did admit." It is interesting that McGaughy makes this assertion when he has presented no evidence, nor offered any argument, as to why he was unable to report to the Mississippi Department of Corrections for nearly a year, nor why he was unable to pay any of his fees or fines. To this date, he has not offered even a scintilla of proof as to what this mitigation evidence would have been.
¶ 9. McGaughy also claims that an attorney would have been able to show the court that "the only true violations [were] financial." We find this statement incongruous with McGaughy's admission, under oath, that he was finally arrested in August 2003, after having not reported to his probation officer since October 2002. McGaughy's failure to report for a period of nearly a year strikes this Court as a violation that is more than simply "financial."
¶ 10. McGaughy further contends that a petitioner's probation cannot be revoked merely on the grounds of "a finding that a probationer has been arrested." As support, McGaughy cites Brown v. State, 864 So.2d 1058 (Miss.Ct.App.2004). We note that the facts were substantially different in Brown, as the only ground for revoking probation in that case was the petitioner's arrest: "The trial judge ruled that `It is undisputed that Brown was arrested while he was on probation. . . .' This statement serves as the sole foundation for the revocation of Brown's probation." Id. at 1060(¶ 9) (emphasis added). By contrast, McGaughy's own admissions in court provided three additional substantial grounds for the court's revocation of his probation.
*455 ¶ 11. McGaughy also claims that he made a timely and colorable claim, and that Gagnon therefore required that he be appointed counsel. On the facts of this case, it is unclear to this Court how McGaughy could have made a timely and colorable claim for counsel. Gagnon states:
counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.
Gagnon, 411 U.S. at 790, 93 S.Ct. 1756.
After preliminary matters had been addressed, the lower court questioned McGaughy at his hearing, at which time he admitted that he had failed to report for nearly a year and had also failed to pay fees and fines owed. McGaughy did not request an attorney at the hearing. However, McGaughy did claim, in an affidavit, that his probation officer had told him that he would not be entitled to appointed counsel at his revocation hearing. Inasmuch as McGaughy's case was not complex, his probation officer was accurate in informing him that he would not be entitled to appointed counsel.
¶ 12. As already discussed, at no time did McGaughy present any evidence that there were any mitigating factors in his case. Therefore, he did not present a timely and colorable claim regarding the complexity of his case. Nothing McGaughy presented at the hearing indicated that there were insufficient grounds for the revocation of his probation. Although he disputed the State's claim that he had committed armed robbery, he clearly admitted to multiple other violations of his probation. Therefore, McGaughy did not present a colorable claim for appointment of counsel.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.