976 So.2d 977 (2008)
Bobby L. DEERE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00584-COA.
Court of Appeals of Mississippi.
March 11, 2008.
Bobby L. Deere, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., IRVING and ISHEE, JJ.
MYERS, P.J., for the court.
¶ 1. Bobby L. Deere appeals the Sunflower County Circuit Court's denial of his motion for post-conviction relief. Deere asserts that the circuit court incorrectly calculated his sentence during his probation revocation hearing. Deere contends that he is not subject to the entire reinstatement of his suspended sentence. Finding no error in the decision of the circuit court, we affirm the denial of Deere's motion for post-conviction relief.

STANDARD OF REVIEW
¶ 2. Our review of a circuit court's denial of a motion for post-conviction relief *978 is limited to reversal only when the decision is clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999).

DISCUSSION
¶ 3. In 1990, Deere pleaded guilty in the Sunflower County Circuit Court to armed robbery and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). However, fifteen years of the sentence were suspended provided that Deere successfully serve the first five years on probation. In December 1999, while Deere was in his probation period, Deere committed another armed robbery, thereby violating the terms of his probation. At the revocation hearing held in January 2000, Deere was remanded to the custody of the MDOC to serve the entire fifteen years. Approximately seven years later, Deere filed a motion to clarify his sentence. Deere claimed that his sentence was incorrectly calculated during the revocation hearing and sought to have his sentence reduced from fifteen years to five years. His motion for clarification of sentence was treated by the circuit court as one for post-conviction relief that was denied.
¶ 4. "If a prisoner is under court imposed probation, that prisoner may be incarcerated if the conditions of probation are not followed." Johnson v. State, 925 So.2d 86, 92(¶ 11) (Miss.2006). We have held that "after the probationer is arrested, `the court . . . shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.'" McGaughy v. State, 954 So.2d 452, 454(¶ 6) (Miss.Ct.App. 2006) (quoting Miss.Code Ann. § 47-7-37 (Supp.2006)). In this case, after Deere violated probation by committing another armed robbery for which he was arrested, the circuit court revoked all of Deere's fifteen-year suspended sentence. This revocation and reinstatement of the initially suspended sentence was well within the judge's discretion and within the confines of the statutory authority found in Mississippi Code Annotated section 47-7-37 (Supp.2006). Therefore, the denial of Deere's motion for post-conviction relief was not in error. We, accordingly, affirm.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.