JAMES, J.,
for the Court:
¶ 1. Frank Dewayne-Hall pled guilty in the Lamar County Circuit Court to child fondling. Hall was sentenced to fifteen years in the custody of the Mississippi Department of. Corrections (MDOC), with one year and four months to serve, and the remaining thirteen years and eight months to be served under post-release supervision (PRS). After violating the terms and conditions of his PRS, Hall’s PRS was revoked, and he was ordered to serve the remainder of his sentence in the custody of the MDOC. Hall filed a motion for post-conviction relief (PCR), which was summarily dismissed by the circuit court. Hall now appeals to this Court.
FACTS AND PROCEDURAL HISTORY
¶ 2. On April 22, 2005, a Lamar County grand jury indicted Hall on one count of child fondling. Hall entered a voluntary plea of guilty on September 15, 2006. Hall was sentenced'to serve fifteen years in the custody of the MDOC, with one year and four months to serve and the remaining thirteen years and eight months to be served under PRS, with five years of supervised probation. The order of conviction contained the condition's of Hall’s, suspended sentence under PRS, informing him that failing to meet any one condition would violate the terms and conditions of his PRS, and that the court could revoke his suspended sentence and remand.him back to the custody of the MDOC to serve the balance of his sentence. Hall was given credit for time served in pretrial custody; thus, the one year and four months was deemed served at the time of his sentencing.
¶ 3. On May 12, 2009, the MDOC filed an affidavit alleging that Hall was in violation of the terms and conditions of his PRS on the basis of criminal charges and other violations. A warrant was issued, and Hall was arrested to await revocation proceedings. On May 13, 2009, Hall signed a “waiver of rights and/or waiting period prior to preliminary post-release hearing,” a “waiver of right to preliminary post[-]release revocation hearing,” and a “waiver of right to notice and/or waiting period prior to post[-]releáse revocation hearing.”
¶ 4. A formal revocation hearing was held on May 14, 2009. Upon reading the allegations in the affidavit to Hall, the court asked Hall if he contested the charges. Hall answered, “No, sir.” The court found Hall to be in violation of the terms and conditions of his PRS and executed an order of revocation, sentencing Hall to thirteen years and eight months in the custody of the MDOC.
¶ 5. On June 7, 2012, Hah filed his-PCR motion. A court-ordered response by the State was filed on November 26, 2012, after which Hall filed a rebuttal. On February '8, 2013, the circuit court summarily dismissed Hall’s PCR motion. Hall now appeals, raising the following issues: (1) whether the trial court erred in summarily dismissing his PCR motion after ordering the State to file an answer; and (2) whether he was denied due process during the *634 revocation proceeding. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 6. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶4) (Miss.Ct.App.2012).
DISCUSSION
I. Whether the trial court erred in summarily dismissing Hall’s PCR motion.
¶ 7. Hall asserts that the trial court erred in summarily dismissing his PCR motion after ordering the State to file an answer. According to Hall, by ordering the State to file an answer, his PCR motion was beyond summary dismissal. Hall argues as follows: “[T]o initially forego Summary Dismissal, and order a State’s answer[J would presumably show that the [PCR motion] is not invalid on its face _” Thus, Hall argues that the court was required to hold an evidentiary hearing prior to dismissal. A review of the statutes governing the procedure for PCR petitions reveals that the trial court acted within its discretion in dismissing Hall’s PCR motion.
¶ 8. Mississippi Code Annotated section 99-39-11(2) (Supp.2013) provides that. “[i]f it plainly appears from the face of the motion ... that the movant is not entitled to any relief,, the judge may make an order for its dismissal_” Mississippi Code Annotated section 99-39-11(3) (Supp.2013) provides, “If the motion is not dismissed under subsection (2) ... the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate....” Finally, Mississippi Code Annotated section 99-39-19 (Rev.2011) sets forth that:
If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evi-dentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
Thus, nothing prevented the trial court from finding that an evidentiary hearing was not warranted. and dismissing Hall’s PCR motion pursuant to section 99-39-19. Accordingly, we find Hall’s argument to be without merit,
II. Whether Hall was denied due process.
¶ 9. Hall next argues that the revocation proceeding did not satisfy the minimum requirements of due process in that he unknowingly waived his right to a preliminary hearing, was not informed of his constitutional right to appointed counsel, and was misled by his probation officer. We find these claims to be without merit.
A. Waiver
¶ 10. Hall attached two affidavits to his PCR motion. The first affidavit was executed by Hall. In this affidavit, Hall claims that his probation officer, Danny Edwards: , >
Told me to just-waive the preliminary [hearing] and when the judge revoked me, I could probably get back on parole in a year to eighteen (18) months.... No one ever explained to me that my time was [thirteen years, eight months,] which was suspended at my original sentencing, [and] would be served day for day if my probation [was] revoked.
*635 Hall also claimed: “If I had known that waiving that preliminary hearing and talking to the Judge was going to get me [thirteen and a half years] in jail, I would have never consented.” The second affidavit was executed by Hall’s mother, Betty McLain, and merely restates Hall’s claim in his affidavit: “I was. not informed of anything else except [Hall] ... telling me he had his probation revoked, but according to what was explained to him, he would be back out in 12-18 months.”
¶ 11. Thus, Hall argues that, he was misled by his probation officer into waiving his preliminary hearing. First, we find that Hall’s self-serving affidavits do not meet the requirements of the PCR statutes. “Mississippi Code Annotated section 99-39-9(l)(e) (Supp.[2013]) ‘requires that an application for post-conviction relief be supported by the affidavits of witnesses who will prove the petitioner’s claims.’ ” Collier v. State, 112 So.3d 1088, 1090 (¶ 7) (Miss.Ct.App.2013) (quoting Brown v. State, 88 So.3d 726, 733 (¶ 18) (Miss.2012)). McLain’s affidavit does little more than restate Hall’s claim that he was misled and falls well short of potentially proving Hall’s claim.
¶12, Furthermore, Hall knew that his PRS status could be revoked, and we do not see how Hall’s waiver of a preliminary hearing was a denial of due process, given that Hall received a formal hearing the following day. Hall’s order of conviction, which contained the conditions of his PRS, informed Hall that “[t]he violation of any one of the above enumerated conditions shall violate the terms and conditions of [his PRS] and the Court shall have the authority to revoke [him] from [PRS] and remand him back into the custody of [the MDOC].” Thus, Hall knew that the trial court could revoke his PRS. Additionally, the preliminary hearing, which ■ Hall waived, would have merely been a hearing in front of a MDOC officer to determine whether there was a sufficient basis to proceed with the formal revocation hearing. The fact that Hall waived the preliminary hearing has no bearing on whether Hall would actually have his PRS revoked in a formal hearing or on the sentence that might be imposed. ■ Thus,- we fail to see how Hall’s waiver denied him due process.
B. Appointed Counsel
 ¶13. Hall claims that he was not informed Of his potential access to appointed counsel. It is well established, under our precedent, that a probationer is not always entitled to counsel at a revocation hearing. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990). “[T]he question of whether a probationer is entitled to appointed counsel ‘must be answered on a case-by-case basis_’” McGaughy v. State, 954 So.2d 452, 453 (¶ 4) (Miss.Ct.App.2006) (quoting Riely, 562 So.2d at 1209). “In general, a probationer has a right to counsel “when his. case is complex or otherwise difficult to develop.” Id. (citation and. internal quotations marks omit-' ted).
¶ 14. We find that Hall’s case was neither complex nor difficult to develop. MDOC filed an affidavit alleging that Hall had violated several of the terms and conditions of hié PRS. At the formal revocation hearing, Hall readily admitted to the allegations in the affidavit:
The Court: It is stated in this affidavit ‘ that Frank Hall has violated the condition of his probation .in a material manner in that he was' arrested for domestic violence involving a young child on [May 9, 2009,] by the Lamar County [S]heriff s [Department. And he was not to go to certain places, but he did go to a certain female’s house next door to a day care, which was off limits to him. Arid there is file information on Mr. Hall with an attempt of *636 molestation -in Forrest County in October [2008]. Mr. Hall, you’ve heard these allegations. Do you contest them?
Hall: No, sir.
¶ 15. Mississippi law is clear that a probationer may have his probation revoked for any violation of the terms and conditions of his probation: “At any time during the period of probation the court ... may issue a warrant for violating, any of the conditions of probation.... ” Miss. Code Ann. § 47-7-37 (Rev.2011). Further, after the probationer is arrested,
the court ... shall cause the probationer to be brought before it and may continue or revoke all or any part of the protation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.
Id. Therefore, the court below was entitled to revoke Hall’s PRS based solely on Hall’s admission to the violations of the terms and conditions of his PRS. Likewise, the court was entitled to impose any or all of his sentence that the court deemed appropriate.
¶ 16. Hall argues that be had the right to be informed of the possibility of appointed counsel. We have held that “a probation revocation will be affirmed, even when the petitioner was not informed of his potential access to appointed counsel,' as long as the petitioner’s case is not complex or difficult to understand.” McGaughy, 954 So.2d at 454 (¶ 7). Having found that Hall’s case was not complex, Hall would not have been entitled to appointed counsel even if he had been informed that he could request counsel. See id.
C. Due Process
¶ 17. This Court has stated:
The minimum requirements of due process, applicable in a revocation hearing, include written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard and to present witnesses and evidence; the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the fact-fmders as to the evidence relied on and the reasons for revoking probation.
Ray v. State, 976 So.2d 398, 403 (¶ 18) (Miss.Ct.App.2008) (citing Riely, 562 So.2d at 1210).
¶ 18. We have found that Hall was not entitled to appointed counsel even if he had been informed that he could request counsel. Thus, we find no due-process violation for the court’s failure to advise Hall of the possibility of appointed counsel. Additionally, the record reflects that prior to his revocation hearing, Hall was informed of the allegations against him, of his right to have witnesses testify on his behalf, and of his right to retain counsel. Hall was provided a formal revocation hearing. At the hearing, Hall stated that he had no witnesses to call on his behalf. Hall was given the opportunity to challenge or deny the allegations against him, and he was given the opportunity to speak. Further, Hall admitted under oath that the allegations' contained in the affidavit against him were true. We find that the minimum requirements of due process were met in the proceedings below.
¶ 19. The issues raised by Hall are without merit. Accordingly, we affirm the trial court’s dismissal of Hall’s PCR motion.
¶ 20. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. *637 AXiL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ, BARNES, ISHEE, ROBERTS, ' " CARLTON, MAXWELL AND FAIR, JJ., CONCUR.